LODGE v. STODDART. See Case No. 12,-561.

LODGE (UNITED STATES v.). See Case No. 15,622.

## Case No. 8,461.

In re LODI LAND & LUMBER CO.

[5 Sawy. 286.] [1]

District Court, D. California. Oct. 28. 1878.

INJUNCTION—JURISDICTION.

This court has no jurisdiction on a petition accompanied by affidavits to restrain the enforcement of a judgment rendered by a court of competent jurisdiction against the bankrupt, on the ground that it was obtained by collusion and fraud; nor has it authority on such petition to set aside that judgment, and to inquire and determine what sum, if any, is in fact due from the bankrupt.

J. Desbeck, for assignee.

L. W. Elliot and G. W. Byers, for Sewell and others.

HOFFMAN, District Judge. It may be that in a regular proceeding in equity, the assignee might be able to obtain a decree setting aside the judgment recovered by Sewell as procured by fraud and collusion between himself and the representative of the company. But that judgment was rendered by a court having jurisdiction of the parties and the subject-matter of the suit. It remains unappealed from and unreversed. If assailable now, it is only on the ground that it was fraudulently obtained, and that fraud vitiates the most solemn judgments. No bill in equity to obtain this relief has been filed. A mere petition accompanied by affidavits has been presented to the court, with a prayer that the plaintiff in the judgment may be restrained from availing himself of it. To this the latter has replied by affidavits positively denying the imputed frauds. What is the true state of facts it is not easy to determine. But I am unable to see how, on a mere petition accompanied by affidavits, I can grant an injunction to be continued indefinitely, and which virtually nullifies and sets aside a final judgment obtained in a court of competent jurisdiction.

The assignee does not, in his petition, ask that the plaintiff in the suit in the state court may be restrained from enforcing his judgment until he shall have an opportunity to satisfy it. The interposition of this court is not asked to prevent a sacrifice of the property levied on. The ground stated for the relief asked is, that no sum whatsoever is in fact due from the bankrupt to the judgment-creditor; and that his judgment was obtained by the fraudulent connivance of the representative of the bankrupt corporation. On the strength of these allegations, and the affidavits in support of them, it is asked that the judgment-creditor be enjoined from enforcing his judgment. No further proceeding seems to be contemplated.

If the injunction be granted, the petition will be functus officio. It is not a bill in equity to set aside a judgment as obtained by collusion and fraud; it prays for no relief except an injunction. The representative of the corporation, who is alleged to have colluded with the judgment-creditor, is not made a party to the proceeding, or served with any order to show cause; and the petition seems to be framed on the idea that the court can, on affidavits, proceed to try not only the question whether the judgment was fraudulently obtained, but also the question as to the amount, if any, really due the judgment-creditor. I know of no provision in the bankrupt act which confers upon the court jurisdiction in a proceeding of this nature to inquire into and determine these issues.